# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BRASS, Jr., CDCR #G-05645, <br><br>　　　　　　　　　　Plaintiff, <br><br>　v. <br><br>W.L. MONTGOMERY; MARIO DE LA TORRE; FAVELA; A. CANEDO, <br><br>　　　　　　　　　　Defendant. | Case No. 22-cv-1466-BAS-MSB <br><br> **ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff Gary Brass, Jr., proceeding *pro se* and while housed in California State Prison, Corcoran, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2022. (Compl., ECF No. 1.) Plaintiff claims his constitutional rights were violated when he was previously housed at Calipatria State Prison. (*Id.* at 1.)

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule,

the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has neither prepaid the $402 in filing and administrative fees pursuant to 28 U.S.C. § 1914(a) nor has he submitted a properly supported IFP Application pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

Accordingly, the Court **DISMISSES** this civil action. To proceed with his case, **by no later than December 16, 2022**, Plaintiff must either (a) prepay the entire $402 civil filing and administrative fees in full or (b) complete and file a Motion to Proceed IFP, which includes a certified copy of his CDCR trust account statement report for the 6-month period preceding the filing of his Complaint.[2] *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).

//
//
//

---

§ 14 (eff. Dec. 1, 2020)). The additional $52 fee does not apply to persons granted leave to proceed *in forma pauperis*.

[2] Plaintiff is cautioned that if he chooses to re-open the case by either prepaying the full $402 civil filing and administrative fees, or by submitting a properly supported IFP Application, his Complaint will be subject to an initial review, and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $402 fee or is granted IFP and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity").

      The Clerk of Court is **DIRECTED** to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."

      **IT IS SO ORDERED.**

**DATED: November 4, 2022**

Hon. Cynthia Bashant
United States District Judge