UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BRASS, JR.,<br>CDCR #G-05645,<br><br>         Plaintiff,<br><br>  vs.<br><br>W.L. MONTGOMERY, Warden;<br>MARIO DE LA TORRE, Peace Officer;<br>FAVELA, Lieutenant; A. CANEDO,<br>Lieutenant.<br><br>         Defendants. | Case No.  22-cv-1466-BAS-MSB<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS AS TO DEFENDANT DE LA TORRE PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

   Garry Brass, Jr. ("Plaintiff" or "Brass"), currently incarcerated at the Salinas Valley State Prison ("SVSP") located in Soledad, California, and proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983 on February 24, 2022.  (*See* Compl., ECF No. 1.)  The Complaint alleged various Defendant prison officials violated his First and Eighth Amendment rights when he was housed at Calipatria State Prison ("CAL") in April 2022.

- 1 -

(*See generally id.*)  On March 10, 2023, the Court granted Brass's IFP Application and screened his Complaint as required by 28 U.S.C. § 1915(e)(2)(B) and § 1915A.  (*See* Pre-Answer Screening Order ("Order"), ECF No. 8.)  The Court concluded Brass stated viable First and Eighth Amendment claims against Defendant De La Torre, but found Brass' failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) as to all remaining Defendants, and, thus, dismissed those Defendants *sua sponte*. (*See id.* at 7–9, 12–13.)

The Court offered Brass two options:  (1) to file a Notice of Intent to Proceed with just his First and Eighth Amendment claims as to Defendant De La Torre *or* (2) to file an Amended Complaint correcting all the deficiencies of pleading identified by the Court in its screening Order.  (Order at 12.)  The Court also advised Brass that any claim not re-alleged in an Amended Complaint would be considered waived.  (*Id.* (*citing* S.D. Cal. Civ. L.R .15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012)).)  On April 3, 2023, Brass filed a document entitled "Notice of Intent to Proceed."  (*See* Not. of Intent to Proceed ("Not."), ECF No. 9).  The Notice clearly states that Brass is "choosing to proceed with claims against Defendant Correctional Officer Mario De La Torre" in lieu of an amendment.  (*See id.* at 1.)

Accordingly, Brass' claims against the Montgomery, Favela, and Canedo remain dismissed for the reasons explained in the Court's March 10, 2023 Order.  Furthermore, because Brass' Complaint states First and Eighth Amendment claims against Defendant De La Torre that are "sufficient to meet the low threshold for proceeding past the screening stage," *see Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), the Court:

1.  **DIRECTS** the Clerk to issue a summons as to Brass's Complaint (ECF No. 1) upon Defendant De La Torre for the First and Eighth Amendment claims, and forward it to Brass, along with blank U.S. Marshal Form 285, for De La Torre.  In addition, the Clerk will provide Brass with a certified copy of its March 10, 2023 Order (ECF No. 8), a certified copy of his Complaint (ECF No. 1), and the summons so that he may serve De La

Torre.  Upon receipt of this "IFP Package," Brass must complete the USM Form 285 as completely and accurately as possible, include the address where De La Torre may be found and/or subject to service pursuant to S.D. Cal. Civ. L.R. 4.1c., and return the form to the U.S. Marshal according to the instructions the Clerk provides.

2. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant De La Torre as directed by Brass on the USM Form 285 provided, and to file executed waiver of personal service upon this Defendant with the Clerk of Court as soon as possible after their return. Should De La Torre fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Complaint, and request for waiver was mailed to De La Torre, and indicate why service upon that Defendant remains unexecuted.  All costs of U.S. Marshal service will be advanced by the United States; however, **if a Defendant located within the United States fails, without good cause, to sign and return the waiver requested by the Marshal on Brass's behalf, the Court will impose upon that Defendant any expenses later incurred in making personal service**.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), (d)(2).

3. **ORDERS** Defendant De La Torre, once served, to reply to the Complaint, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (providing that while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under [S]ection 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face of the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

4. **ORDERS** Brass, after service has been effected by the U.S. Marshal, to serve upon Defendant De La Torre, or if appearance has been entered by counsel, upon

1 Defendant's counsel, a copy of every further pleading, motion, or other document
2 submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Brass must include
3 with every original document he seeks to file with the Clerk of the Court a certificate stating
4 the manner in which a true and correct copy of that document has been served on Defendant
5 or his counsel, and the date of that service.  *See* S.D. Cal. Civ. L.R. 5.2.

6      **IT IS SO ORDERED.**

7 **DATED: April 11, 2023**

Hon. Cynthia Bashant
United States District Judge